THE WESTERN AND ATLANTIC RAILROAD *vs.* SAWTELL.

1. If the tort for which damages are claimed be felonious, the plaintiff must allege and prove a prosecution therefor, or a valid excuse for a failure to prosecute. Such prosecution may be before suit brought, at the time of the commencement of suit, or concurrent therewith, which means *pendente lite.*

2. In such a case it was not error to instruct the jury as to what constituted a felony, and then to submit to them the question as to whether the killing of the deceased was a felony or a misdemeanor. Nor was it error further to charge, that a homicide resulting from a collision of trains was *prima facie* felonious; that the burden was on the plaintiff to remove that presumption by proof before it could be reduced to a misdemeanor, and that if the presumption was not removed, then it must appear that the criminal prosecution had taken place as required by law.

Tort. Pleadings. Evidence. Criminal law. Before Judge McCUTCHEN. Whitfield Superior Court. April Term, 1879.

Reported in the decision.

JOHNSON & McCAMY, for plaintiff in error.

SHUMATE & WILLIAMSON, for defendant.

CRAWFORD, Justice.

This case was brought before this court and is reported

v 65—16

in the 61st *Ga.* 567, and the controlling question there was, so far as is material to this, that neither prosecution, nor sufficient legal excuse for failure to prosecute, was shown ; and that the homicide of a railroad passenger by means of a collision, was *prima facie* felonious and the plaintiff must prosecute for the felony, or allege and prove that there was a good reason why it was not done.   Upon the new trial which was granted, the plaintiff amended her declaration by alleging substantially that the negligence charged against the agents and servants of the railroad was not such as to impute to them a felony under the laws of this state, but was the omission of that discretion and caution in the performance of a lawful act, which was made only a misdemeanor and punishable as such.   And she further alleged that a prosecution was instituted and conducted, with the earnest purpose of bringing the party who caused the homicide of her husband, for which she was suing, to punishment, if guilty of a violation of law, but that said effort to prosecute resulted in a finding by the grand jury of Fulton county where the act was committed of "no bill."   She further alleged that the said agent was not guilty of a felony but of the offence of involuntary manslaughter in the performance of a lawful act without due caution and circumspection.   The defendant filed pleas of not guilty, and that the homicide, if it occurred, was the result of the criminal negligence of one William Sheridan which amounted to a felony, and that the plaintiff had instituted no prosecution against him as required by law.   Upon the issues thus made up the parties went to trial, and the jury found in favor of the plaintiff.   The defendant being dissatisfied with said verdict, made a motion for a new trial which the court overruled ; exceptions thereto were filed, and the case is before us again for consideration and judgment.

I. The motion for a new trial on the ground of errors committed will be controlled by the construction of section 2970 of the Code, the pleadings in the case, and the

proof submitted on the trial. A physical injury done to another gives a right of action unless the person inflicting the injury is authorized or justified under some rule of law. Code, §2968.

Section 2970 declares that " If the injury amounts to a felony as defined by this Code, the person injured must ·either simultaneously, or concurrently, or previously, pros-·ecute for the same, or allege a good excuse for the failure ·to prosecute."

It will be seen that there is no injury for which a right ·of action lies, that requires the wrongdoer to be prosecu-ted before a recovery can be had, except where it amounts to a felony. If therefore the wrong be a felonious one, ·the plaintiff must allege and prove a prosecution, or a good excuse for the failure so to do; if it be only *prima facie* felonious, but in fact otherwise, he must make such further allegations as will maintain his action in court, and then upon the trial support his allegations by proof that the act was less than a felony. The plaintiff in the court below by her amendment brought the case within the rules of law here laid down. She had therefore the bur-den of proof upon her, if it were a felony, to show prose-·cution, or a legal excuse for the failure; if but a misde-meanor, and yet *prima facie* felonious, to rebut that pre-sumption which the law fixes upon the slayer where the homicide is admitted or proven.

A question was made upon the time at which the prose-·cution should have taken place. It may have been before she commenced her suit, at the time of its commence-ment, or concurrently therewith, which means *pendente lite,* and when so done the requirement of the law would be complied with.

2. The judge committed no error in instructing the jury as to what constituted a felony, and then submitting to ·them the question as to whether the killing of the de-·ceased was a felony or a misdemeanor; nor in instructing ·them that a homicide resulting from a collision of trains

was *prima facie* felonious, and that the burden was on the plaintiff to remove that presumption by proof before it could be reduced to a misdemeanor; and further, that if the presumption were not removed, then it must appear that the criminal prosecution had taken place as required by law.   The case made by the pleadings under the law, made it the duty of the judge to give them these instructions, and when so given it was their duty to apply the facts as shown by the proof thereto, and find a verdict accordingly.   We hold that a suit for an injury done, though resulting from a homicide and therefore *prima facie* felonious, may, by proper averments, be declared to be but a midemeanor and hence not demurrable, and if shown to be true by the proof, then the verdict will be maintained.   And that the *jury*, under the rules of law which are to govern them, and not the *court*, are to pass on the act and say whether it was a felony or a misdemeanor.

Judgment affirmed.